IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

RALPH LEVI SANDERS, JR.   CASE NO. 22-14766-SMG
                          CHAPTER 13

        Debtor.
_____/

**OBJECTION TO CONFIRMATION OF PLAN**

    Creditor, Specialized Loan Servicing LLC, as servicer for The Bank of New York Mellon f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities Trust 2006-SD2, Asset-Backed Securities Certificaties, Series 2006-SD2, files its Objection to Confirmation of Plan and states:

1. Creditor holds a note secured by a mortgage on the property located at 561 SW 60 Avenue, Plantation, FL 33317 (the "Property").

2. The Debtor's Plan does not provide for the repayment of the arrears claim of Creditor in the amount of approximately $281,264.48, which will be specifically set forth in a Proof of Claim that Creditor intends to file before the Claim's Bar Date.

3. The Debtor's Plan indicates an intention to mediate with Creditor through the Loss Mitigation Mediation Program and provides a proposed adequate protection payment of $1,200.01; however, an appropriate motion has not been filed, as of the date of this Objection.

4. Moreover, the Debtor's plan as proposed appears to contemplate that there will be no cure for the pre-petition arrears unless or until a loan modification is achieved. The Debtor is obligated to cure the arrears due within a reasonable time pursuant to 11 U.S.C § 1322(b)(5). Accordingly, if the ongoing loss mitigation efforts are not successful, the Plan fails to satisfy the confirmation requirements of 11 U.S.C § 1325(a)(1).

5. If a mediation commences and results in an impasse or denial of the modification application, Creditor's Proof of Claim should be in paid in full or the property surrendered.

6. Moreover, Debtor's Plan should account for future taxes and insurance during the pendency of the potential mediation.

**WHEREFORE**, Creditor respectfully requests the Court sustain this Objection and for such other and further relief as the Court deems appropriate.

>  */s/ Gavin N. Stewart*
>  Gavin N. Stewart, Esquire
>  Florida Bar Number 52899
>  P.O. Box 5703
>  Clearwater, FL 33758
>  P: (727) 565-2653
>  F: (727) 213-9022
>  E: bk@stewartlegalgroup.com
>  Counsel for Creditor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 12th day of July 2022.

>  */s/ Gavin N. Stewart*
>  Gavin N. Stewart, Esquire
>  Florida Bar Number 52899

**VIA FIRST CLASS MAIL**
Ralph Levi Sanders, Jr.
561 SW 60 Ave.
Plantation, FL 33317

**VIA CM/ECF NOTICE**
Nicholas G Rossoletti
2760 W. Atlantic Boulevard
Pompano Beach, FL 33069

Robin R. Weiner, Chapter 13 Trustee
Post Office Box 559007
Fort Lauderdale, FL 33355

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130