## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:

RALPH LEVI SANDERS, JR.

_____/

CASE NO. 22-14766-SMG
CHAPTER 13

### Addendum for Objection to IRS Claim

J·/ ˗

Attached are the following items from third parties regarding the money flow of the period in question.

1. Letter from Sun Life Long-term disability, where the insurance company stated my former employer was blocking, is a Federal Labor law violation. Federal Case 16-cv-60879-FAM

2. Social Security Pay history. From 2013 to current there is no record of ever getting paid in the amounts IRS claimed.

3. I did not submit to the IRS tax returns for 2015 & 2016 that the IRS claimed.

4. The returns for 2015 & 2016 are zero dollars owed. Going through boxes to back up my claim

5. IRS has not submitted any documentation of the money they are claiming other than a tax return that I did not send the IRS.

6. I am demanding my rights under

## A. *The Right to Retain Representation*

Taxpayers have the right to retain an authorized representative of their choice to

represent them in their dealings with the IRS. Taxpayers have the right to seek

assistance from a Low Income Taxpayer Clinic if they cannot afford representation.

## B. *The Right to a Fair and Just Tax System*

Taxpayers have the right to expect the tax system to consider facts and

circumstances that might affect their underlying liabilities, ability to pay, or ability to

provide information timely. Taxpayers have the right to receive assistance from the

Taxpayer Advocate Service if they are experiencing financial difficulty or if the IRS has

not resolved their tax issues properly and timely through its normal channels.

7. The Internal Revenue Service (IRS) issued Revenue Ruling 93-88,

    providing that damages (back pay and compensatory) received for

    disparate treatment 000e - from gross income under Section

    104(a)(2) as damages for personal injury.

8. The Debtor is disputing the IRS claim for the years 2015 and 2016

    and forward

Date: September 12, 2022

Ralph L. Sanders Pro-Se
561 S.W. 60th Ave.
Plantation, Fl. 33317
(754)801-7097

By: /s/  Ralph L. Sanders
Ralph L. Sanders

*JNS*

*EMPLOYER INTERFERENCE PAGE 3*

# Sun
## Life Financial®

Sun Life Assurance
Company of Canada
SC 4328
One Sun Life Executive Park
Wellesley Hills, MA 02481-5699

1-877-260-9778
Fax: 1-781-304-5537

August 12, 2014

Ralph Sanders
561 SW 60th Avenue
Plantation, FL 33317

Re:     Policy No.: 212290 Group Long Term Disability
        Claim No.: 040314-05887-00

Dear Mr. Sanders,

This correspondence is in reference to your Long Term Disability benefits under the terms of the above-referenced Group Long Term Disability Policy.

Following a thorough review of all of the information in the file, it is our position that you do not qualify for benefits under the terms of the Policy. While we regret that our determination could not be more favorable, the following will more fully explain the basis for our determination.

This policy contains an Elimination Period that is satisfied after 180 days, or the end of the Short Term Disability Maximum Benefit Period, whichever is later. This is the time period during which no benefits are payable on your claim. Using a disability onset date of August 29, 2013, the elimination period would have been met on March 6, 2014.

Definitions:

"Total Disability means during the Elimination Period and the next 24 months, the Employee, because of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation. After Total or Partial Disability benefits combined have been paid for 24 months, the Employee will continue to be Totally Disabled if he is unable to perform with reasonable continuity any Gainful Occupation for which he is or becomes reasonably qualified for by education, training or experience.

The loss of a professional or occupational license or the inability to obtain or qualify for a license for any reason does not, in itself, constitute Total Disability."

1

"Elimination Period means a period of continuous days of Total or Partial Disability for which no LTD Benefit is payable. The Elimination Period is shown in Section I, Schedule of Benefits and begins on the first day of Total or Partial Disability."

"Own Occupation means the usual and customary employment, business, trade, profession or vocation that the Employee performed as it is generally recognized in the national economy immediately prior to the first date Total or Partial Disability began. Own Occupation is not limited to the job or position the Employee performed for the Employer or performed at any specific location."

Mental Illness means mental, nervous, emotional, behavioral, psychological, personality, cognitive, mood or stress-related abnormality, disorder, dysfunction or syndrome regardless of cause, including any biological or biochemical disorder or imbalance of the brain. Mental Illness includes, but is not limited to, bipolar affective disorder, schizophrenia, psychotic illness, manic depressive illness, depression and depressive disorders, anxiety and anxiety disorders and any other mental and nervous condition classified in the Diagnostic and Statistical Manual (DSM) of the American Psychiatric Association, in effect on the date of Total or Partial Disability or a comparable manual if the American Psychiatric Association stops publishing the (DSM).

As we advised you in our letter dated June 2, 2014, your file was referred to a Clinical Consultant for review and comment on the available medical records. In reviewing the file, the Clinical Consultant noted the following:

- The Insured was initially seen by Dr. Pevsner for medication management on 9/11/13 and then by Dr. Crum on 10/16/13. Dr. Crum's records describe the Insured's report of severe depression due to multiple life stressors. The Insured reported having difficulty focusing, frequent crying, poor sleep, and difficulty with tasks. He presented as disheveled, with strong body odor. He was seen for weekly therapy which described ongoing symptoms of depression and reduced ability to engage in activities
- Dr. Pevsner's note dated 11/5/13 indicates that the Insured was not fired, but was put on disability and things were not going well. He reported having low energy and difficulty staying on task. He was poorly groomed, had tangential thinking, and his mood was depressed and anxious
- Dr. Crum's 11/6/13 note indicates that the Insured reported mild improvement.
- Dr. Pevsner's 12/3/13 note indicates that he was having marital problems and issues with his ex-wife.
- Dr. Crum's 12/4/13 note indicates that the Insured appeared less depressed, but he was still showing flattened affect and depressed demeanor. He continued to present as disheveled, but with less strong body odor.
- The 12/23/13 note focuses on the Insured's wife's medical issues. The Insured presented as despondent and had difficulty focusing during the session. Subsequent notes through 1/22/14 focus on his wife's medical issues. The Insured was not sleeping well and not taking care of himself
- Dr. Pevsner's 2/18/14 note indicates that the Insured's wife was not doing well and that he could not have his daughter unless with supervised visits. His ex-wife was calling DCF and saying he was neglecting his wife and that he is abusive.

- Dr. Crum's 2/25/14 note indicates that he was not taking care of himself sufficiently. After taking his wife to doctor's appointments, he was isolating for the rest of the day
- Dr. Pevsner's 4/21/14 note focuses on issues related to his daughter. He was very anxious and depressed and not sleeping at night.
- Dr. Crumb's 4/29/14 note indicates that the Insured was working on some of his own needs, but he was still experiencing significant symptoms.
- The next note is dated 5/21/14 and describes ongoing symptoms, but he had no body odor
- Dr. Pevsner's 5/27/14 note documents some improvement in sleep, but ongoing stressors. His speech was tangential.
- Dr. Alexander's records primarily focus on medical issues. The 1/13/14 note documents the Insured's anxiety and depression.

Based on the review of the records, the Clinical consultant Opined:

- Although there appear to be secondary gain issues related to his work situation and needing to care for his wife. the records document that the Insured has had significant symptoms of depression and that his symptoms have impacted his functioning. Although he has attended to his wife's medical needs, records indicate that he has been neglecting his hygiene and had impaired functioning due to his symptoms from the onset of claim and reasonably through present. There appears to have been a recent decrease in psychotherapy frequency and some improvement

In addition to the above, we have written to your Employer March 5, 2014, April 4, 2014, June 2, 2014 and July 7, 2014. The information requested included the following

- Employer Claim Packet
- Payroll documentation for the 6 months prior to the last date worked
- Job Description
- Verification that Mr. Sanders worked in the United States. If not in the United States were his assignments considered temporary duty and did the assignment last for less than 12 months?
- Attendance records prior to date of termination. Did Mr. Sanders miss work prior to the last date worked?
- Copy of Personnel file
- Eligibility for Pension Benefits

As of today, we have yet to receive the requested information.

Please be advised that because we have not received the Employers information for your claim we are unable to verify your eligibility nor are we able to verify the Date of Disability. Therefore, as we advised you in our letter dated July 7, 2014, we have no alternative but to close your claim.

3

## Right to Appeal:

If you disagree with our decision, you may request in writing a review of the denial within 180 days after receiving this notice of denial.

You may submit written comments, documents, records or other information relating to your claim for benefits, and may request free of charge copies of all documents, records, and other information relevant to your claim for benefits.

We will review your claim on receipt of the written request for review, and will notify you of our decision within a reasonable period of time but not later than 45 days after the request has been received. If an extension of time is required to process the claim, we will notify you in writing of the special circumstances requiring the extension and the date by which we expect to make a determination on review. The extension cannot exceed a period of 45 days from the end of the initial review period.

If a period of time is extended because you failed to provide information necessary to decide your claim, the period for making the decision on review is tolled from the date we send notice of the extension to you until the date on which you respond to the request for additional information. You will have 45 days to provide the specified information.

You may have the right to bring a civil action under the Employee Retirement Income Security Act of 1974 (ERISA), §502(a) following an adverse determination on review.

Your request for a review should be addressed to:

Sun Life Financial
Appeals Unit
PO Box 81601
Wellesley Hills, MA 02481-0006

Should you have any questions about this claim, or if we may be of any assistance, please feel free to call me at (877) 260-9778, 7115; our fax number is (781) 304-5537..

Sincerely,

Stephen M Songy
LTD Benefit Analyst
Employee Benefits Group – LTD

# ☺ *my* Social Security

Ralph L. Sanders, Jr.                                                   Sign Out

Home > Earnings Record

# Earnings Record

## Review your Earnings Record

**Your benefits are based on your earnings.** If our records are wrong, you may not receive all the benefits to which you're entitled.

Use your own records to make sure our information is correct, and that we've recorded each year you worked. If you worked for more than one employer during any year, or if you had both earnings and self-employment income, we combined your earnings for the year.

✔ Review your earnings record carefully.

✔ Limits on Taxable Earnings for Social Security

✔ Why would earnings be missing from my record?

ℹ **See something that doesn't match with your records?** If there's a mismatch between your records and the earnings listed, contact us to request a correction.

| Work Year | Taxed Social Security Earnings | Taxed Medicare Earnings |
|---|---|---|
| 2021 | Not Yet Recorded | Not Yet Recorded |
| 2020 | Not Yet Recorded | Not Yet Recorded |
| 2019 | $0 | $0 |
| 2018 | $0 | $0 |
| 2017 | $0 | $0 |
| 2016 | $0 | $0 |
| 2015 | $0 | $0 |
| 2014 | $23,917 | $23,917 |
| 2013 | $54,627 | $54,627 |
| 2012 | $77,055 | $77,055 |
| 2011 | $80,055 | $80,055 |
| 2010 | $86,086 | $86,086 |
| 2009 | $79,722 | $79,722 |
| 2008 | $80,994 | $80,994 |



**The following is non taxable from 2015 handled by Bankruptcy Court**

## Bankruptcy court case 14-12147 docket 51-54 Non-taxable claim award for SBA.

| | | |
|---|---|---|
| 09/2015 | (3 pgs) | Order Granting Debtor's Motion for Order Authorizing Settlement of Property Damage Claim. Re: #           (Shafron, Judy) (Entered: 09/09/2015) |
| 07/31/2015 | (2 pgs) | Certificate of Service by Attorney Raysa I. Rodriguez Esq (Re:      Motion FOR ORDER AUTHORIZING SETTLEMENT OF PROPERTY DAMAGE CLAIM filed by Debtor Ralph L Sanders,          Notice of Hearing by Filer filed by Debtor Ralph L Sanders). (Rodriguez, Raysa) (Entered: 07/31/2015) |
| 07/31/2015 | (6 pgs) | Notice of Mortgage Payment Change (Claim # 5) with Certificate of Service Filed by Creditor Wells Fargo Home Mortgage Filed by Wells Fargo Home Mortgage. (Wells Fargo (McCooe)) (Entered: 07/31/2015) |
| 07/27/2015 | (1 pg) | Notice of Hearing by Filer (Re:          Motion FOR ORDER AUTHORIZING SETTLEMENT OF PROPERTY DAMAGE CLAIM Filed by Debtor Ralph L Sanders. (Bigge Jr., Robert)). Chapter 13 Hearing scheduled for 09/02/2015 at 01:00 PM at U.S. Courthouse, 299 E Broward Blvd Room 301 (JKO), Fort Lauderdale, FL. (Bigge Jr., Robert) (Entered: 07/27/2015) |
| 07/27/2015 | (4 pgs) | Motion FOR ORDER AUTHORIZING SETTLEMENT OF PROPERTY DAMAGE CLAIM Filed by Debtor Ralph L Sanders. (Bigge Jr., Robert) (Entered: 07/27/2015) |