IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:
RALPH LEVI SANDERS, JR.                                    CASE NO. 22-14766-SMG
                                                           CHAPTER 13

Debtor.

_____/


## RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### FILED BY COUNSEL FOR THE BANK OF NEW YORK MELLON


COMES NOW, the Debtor by and through his undersigned counsel and responds to the *Motion For Relief from the Automatic Stay, [D.E 64]* and as cause therefore states as follows:


1. The foreclosure that has been filed by Movant is not a simple foreclosure action.

2. It is the understanding of the undersigned that the legal description attached to the mortgage incompasses more than the property owned by the Debtor. Something happen in the chain of title either when the plat was subdivided in 1966 or sometime thereafter. The area of the land owned by the original property owner was reduced by approxitmately 8,000 square feet. The property was sold to the Debtor as a waterfront property and the survey he obtained was based on the prior survey and did not go back to 1966. The appraisal was based on the legal description of the property and not based on the actual property owned by the Debtor.

3. If the bank is successful in the state foreclosure action, the bank will own more property than they are entitled to.

4. The Debtor removed the MMM language in the plan and the property is treated outside the plan, but did not surrender the property because the Debtor and the lender have an action against the surveyor, the appraiser, and the title company, for inducing the Debtor to purchase his homestead property with an incorrect legal description and or description what was being purchased. The Debtor also has an action against the prior owner who transferred this property to

the Debtor by warranty deed, thereby warrantying that title was good.

5. The Debtor has made a representation to the undersigned that he obtained an email from the title company in October of 2021 indicating there is a title defect on the property.

6. To allow the bank to go forward with the foreclosure action would be prejudicial to not only the Debtor, but the bank and any possible future owner of this property.

**WHEREFORE**, the Debtor requests this Honorable Court to deny the *Motion to Relief from Automatic Stay* to allow all parties to determine what property is being foreclosed and what property the Debtor owns.

/s/ Michael J. Brooks, Es

Michael J. Brooks, Esquire

Florida Bar Number 434442

8660 West Flagler Street

Miami, FL 33144

P: (877) 290-9197

E: pleadings@bankrutpcynow.com

Counsel for Debtor