IN THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT
OF FLORIDA FORT LAUDERDALE
DIVISION

In re:
RALPH LEVI SANDERS, JR.

CASE NO. 22-14766-
SMG CHAPTER 13

Debtor.
_____/

## RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY COUNSEL FOR THE BANK OF NEW YORK MELLON

FILED-USBC, FLS-FTL
'22 DEC 5 PM 12:44

COMES NOW, the Debtor

*Motion For Relief from the Automatic Stay, [D.E 64]* and as cause therefore states as follows:

1. The foreclosure that has been filed by Movant is not a simple foreclosure action.
1. The property is physically defective property starting from 1962.
2. The legal description of my property does not match reality.
3. Broward County Property Appraiser office (BCPA.NET) states that I am supposed to have 20,000 sq feet of land
4. it is under 13,000 sq
5. The property has setback issues of canal bank to building
6. The building code states that the buildings need to be 40 feet from the canal bank.
7. The distance is set by the South Florida Water Management District.
8. The City of Plantation building code is 20 feet for a building to be from the canal bank.
9. Any rebuild would have to match the building code currently, including the current setback.
10. The legal description of my property does not match reality. Broward County Property Appraiser office (BCPA.NET) states that I am supposed to have 20,000 sq feet of land but in reality, it is under 13,000 sq with setback issues/ References Fiditly Title

Plantation. Exhibit 4,

Proceeding exhibit 5. Magistrate hearing regarding property taxes with missing land

Proceeding: Dredging the canal damage:

The canal is a Navigable waterway, by canoe, can reach the intercoastal.

The "Relief of Stay" would have a negative impact on the Debtor and creditor's assets

The foreclosure that has been filed by Movant is not a simple foreclosure action.

1. The property is physically defective property starting from 1962.
2. The legal description of my property does not match reality.
3. Broward County Property Appraiser office (BCPA.NET) states that I am supposed to have 20,000 sq feet of land
4. it is under 13,000 sq
5. The property has setback issues
6. The building code states that the buildings need to be 40 feet from the canal bank.
7. The distance is set by the South Florida Water Management District.
8. The City of Plantation building code is 20 feet for a building to be from the canal bank.
9. Any rebuild would have to match the building code currently. This house was never legal.
10. The legal description of my property does not match reality.
11. Broward County Property Appraiser office (BCPA.NET) states that I am supposed to have 20,000 sq feet of land but in reality, it is under 13,000 sq with setback issues
12. References for my statements are
    a. Fidelity Title insurance company.
    b. South Florida Water Management District,



    c. Old Plantation Water Control District

    d. Various Broward County Documents including Broward County aerial photos showing the defect.

    e. The City of Plantation Records.

13. The defective title deals with a canal maintenance easement that the City of Plantation would love to get rid.

14. The attached photos are from the Broward County Government website of aerial photos from 1963 to the year 2000.

15. All of the canals were dredged roughly in the same time period and the same building code, and the same plat (Layout).

16. One canal was not built to match the Plat

17. Which is supposed to be 30 feet of water and 25 feet of dry land.

18. In the photos, the Blue highlighted areas match the plats.

19. The Yellow highlighted area does not match the plat.

20. The Yellow section only has water.

21. The missing land also created a setback issue for the building.

22. Due to the missing land, a seawall has to be put up per code

23. Side item, the Plat(s) were not approved by the Broward County commission.

---------------------------------------------------------------------------------.

The appraisal was based on the legal description of the property and not based on the actual property owned by the Debtor.

1. If the bank is successful in the state foreclosure action, the bank will own more property than they are entitled to.

2. The Debtor removed the MMM language in the plan and the property is treated outside the plan, but did not surrender the property because the Debtor and the lender have an action against the surveyor, the appraiser, and the title company, for inducing the Debtor to purchase his homestead property with an incorrect legal description and or description what was being purchased. The Debtor also has an action against the prior owner who transferred this property to the Debtor by warranty deed, thereby warrantying that title was good.

-------------------------------------------------------------------------

To allow the bank to go forward with the foreclosure action would be prejudicial to not only the Debtor but the bank and any possible future owner of this property.

**WHEREFORE**, the Debtor requests this Honorable Court to deny the *Motion to Relief from Automatic Stay* to allow all parties to determine what property is being foreclosed and what property the Debtor owns.

Sincerely

Ralph L. Sanders
561 SW 60th ave
Plantation, Fl. 33317


Pro-se

Record & Return to:
ALL COUNTY TITLE SERVICES, INC.
2200 NW CORPORATE BLVD., SUITE 401
BOCA RATON, FL 33431

05-64

W/C

Return To:
**WELLS FARGO BANK, N.A.**
**FINAL DOCUMENTS X4701-022**
**3601 MINNESOTA DRIVE**
**BLOOMINGTON, MN 55435-5284**

This document was prepared by:
**KENNETH BRACY**
**WELLS FARGO BANK, N.A.**
**850 TRAFALGAR BLVD,350**
**MAITLAND, FL 32751-**

———————————— [Space Above This Line For Recording Data] ————————————

# MORTGAGE

0143369122

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated **APRIL 11, 2005**
together with all Riders to this document.
**(B) "Borrower"** is
**RALPH L SANDERS, AN UNMARRIED MAN**

Borrower is the mortgagor under this Security Instrument.
**(C) "Lender"** is **WELLS FARGO BANK, N.A.**

Lender is a **National Association**
organized and existing under the laws of **THE UNITED STATES OF AMERICA**

FLORIDA - Single Family - **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**      FORM 3010    1/01

Page 1 of 18    Initials: _____    SFL01    Rev 11/02/00

/1

Lender's address is
**P. O. BOX 5137, DES MOINES, IA 50306-5137**
Lender is the mortgagee under this Security Instrument.
**(D) "Note"** means the promissory note signed by Borrower and dated **APRIL 11, 2005**
The Note states that Borrower owes Lender **THREE HUNDRED THIRTEEN THOUSAND AND NO/100** Dollars
(U.S. $ .....**313,000.00**.............) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **MAY 1, 2035**
**(E) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(F) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(G) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

**(H) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
**(I) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
**(J) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
**(K) "Escrow Items"** means those items that are described in Section 3.
**(L) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
**(M) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.
**(N) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.


BEFORE DEBTOR DUTIES

# OWNER'S POLICY OF TITLE INSURANCE

Issued by **Lawyers Title Insurance Corporation**



*Lawyers Title Insurance Corporation is a member of the LandAmerica family of title insurance underwriters.*

**POLICY NUMBER**

**A81-0134096**

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, LAWYERS TITLE INSURANCE CORPORATION, a Virginia corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land.

The Company also will pay the costs, attorneys' fees and expenses incurred in defense of the title, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

**LAWYERS TITLE INSURANCE CORPORATION**

Attest: *[signature]* Secretary



By: *[signature] Janet A. Alpert* President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
   (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters:
   (a) created, suffered, assumed or agreed to by the insured claimant;
   (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
   (c) resulting in no loss or damage to the insured claimant;
   (d) attaching or created subsequent to Date of Policy; or
   (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the estate or interest insured by this policy.
4. Any claim, which arises out of the transaction vesting in the insured the estate or interest insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws that is based on:
   (a) the transaction creating the estate or interest insured by this policy being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the transaction creating the estate or interest insured by this policy being deemed a preferential transfer except where the preferential transfer results from the failure:
      (i) to timely record the instrument of transfer; or
      (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

## Lawyers Title Insurance Corporation
*OWNER'S POLICY*
### Schedule A

Policy No.: a81-134096

Agent's File Reference: 04-204Sanders

Effective Date: May 12, 2004, or the date and time of recording of the insured deed, whichever is later.

Amount of Insurance: $292,000.00

1. Name of Insured: Ralph Sanders

2. The estate or interest in the land described herein and which is covered by this policy is a fee simple (if other, specify same) and is at the effective date hereof vested in the named insured as shown by the instrument to be recorded.

3. The land referred to in this policy is described as follows:

   Lot 22, Block 4, of PLANTATION PARK 10TH ADDITION, according to the Plat thereof, recorded in Plat Book 55, Page 21, of the Public Records of Broward County, Florida; said lands situate, lying and being in Broward County, Florida.

4. The land described herein is encumbered by the following mortgage and assignments, if any.

   Mortgage in the sum of $232,000.00 from Ralph Sanders to Chase Manhattan Mortgage Corporation dated May 12, 2004, to be recorded in the Public Records of Broward County, Florida.

Agent No.: 12-40279

Issuing Agent:

All County Title Services, Inc.
2499 Glades Road, Suite 112
Boca Raton, FL 33431

Agent's Signature

Form OPM-SCH. A
(rev. 1/98)

DoubleTime®

## Lawyers Title Insurance Corporation
### *OWNER'S POLICY*
### Schedule B

Policy No.: a81-134096

Agent's File Reference: 04-204Sanders

This policy does not insure against loss or damage by reason of the following exceptions:

1. Taxes for the year of the effective date of this policy and taxes or special assessments which are not shown as existing liens by the public records.
2. Rights or claims of parties in possession not shown by the public records.
3. Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate survey and inspection of the premises.
4. Easements or claims of easements not shown by the public records.
5. Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.
6. Any adverse ownership claim by the State of Florida by right of sovereignty to any portion of the lands insured hereunder, including submerged, filled and artificially exposed lands, and lands accreted to such lands.
7. The lien of all taxes for the year 2004 and thereafter, which are not yet due and payable.
8. Matters as contained on the Plat of PLANTATION PARK 10TH ADDITION recorded in Plat Book 55, page 21, of the public records of Broward County, Florida.
9. Covenants, restrictions, conditions, reservations, easements, liens for assessments and other provisions set forth in instrument recorded in Official Records Book 2389, at Page 203, re-recorded in O.R. Book 2420, Page 816 and in allied instruments referred to in said restrictions, if any.

ITEMS 1-6 are hereby deleted.

*All Book and Page references are to the Public Records of Broward County, Florida.*

*Form OPM-SCH. B (rev. 5/94)*

DoubleTime®

*[Handwritten annotations at top: "TITLE POLICY TWO TO COVER SAME DAMAGE DIFF INS COMPANY", "3"]*

# GOOD FAITH ESTIMATE

| | |
|---|---|
| Applicants: Ralph L Sanders | Application No: sanders05/6 |
| Property Addr: 561 SW 60 Ave, Fort Lauderdale, FL 33317 | Date Prepared: 03/01/2005 |
| Prepared By: AmericaOne Mortgage Services, Inc  Ph. 321-308-0629 | Loan Program: FL-R30FX30DayLock |
| 1900 S. Harbor City Blvd, #304, Melbourne, FL 32901 | |

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates-actual charges may be more or less. Your transaction may not involve a fee for every item listed. The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 settlement statement which you will be receiving at settlement. The HUD-1 settlement statement will show you the actual cost for items paid at settlement.

Total Loan Amount $ **303,100**    Interest Rate: **5.500** %    Term: **360 / 360** mths

| 800 | ITEMS PAYABLE IN CONNECTION WITH LOAN: | | | |
|---|---|---|---|---|
| 801 | Loan Origination Fee | 0.000% + $ 0.00 | | PFC |
| 802 | Loan Discount | 0.000% + $ 0.00 | | PFC |
| 803 | Appraisal Fee | (PAID) | 325.00 | |
| 804 | Credit Report | | 0.00 | |
| 805 | Lender's Inspection Fee | | 0.00 | |
| 808 | Mortgage Broker Fee | 0.000% + $ 0.00 | | |
| 809 | Tax Related Service Fee | | 0.00 | PFC |
| 810 | Processing Fee | | 200.00 | PFC |
| 811 | Underwriting Fee | | 425.00 | PFC |
| 812 | Wire Transfer Fee | | 0.00 | |
| 813 | Flood Certificate | | 0.00 | PFC |
| 814 | Application Fee | | 325.00 | PFC |
| 815 | Escrow Waiver Fee (0.25% x Loan Amt) | | N/A | PFC |

| 1100 | TITLE CHARGES: | | |
|---|---|---|---|
| 1101 | Closing or Escrow Fee: | $ | 200.00 |
| 1105 | Document Preparation Fee | | |
| 1106 | Notary Fees | | |
| 1107 | Attorney Fees | | |
| 1108 | Title Insurance:  Lender's Policy** | | 1,590.50 |
| | ** Discounts may be available - Please contact your Title Co. | | |
| 1109 | Title Search / Title Exam | | 225.00 |
| 1110 | Title Endorsements | | 190.00 |
| 1111 | Courier / Overnight Delivery / Wire Fees | | 75.00 |
| 1200 | GOVERNMENT RECORDING & TRANSFER CHARGES: | | |
| 1201 | Recording Fees: | $ | 200.00 |
| 1202 | City/County Tax/Stamps: **Intangibles Tax** | | 606.20 |
| 1203 | State Tax/Stamps: **FL Stamp Tax (Mortgage)** | | 1,060.85 |
| | FL Stamp Tax (Deed) | | 0.00 |

| 1300 | ADDITIONAL SETTLEMENT CHARGES: | | |
|---|---|---|---|
| 1302 | Pest Inspection | $ | |
| 1303 | Survey (if required, $275) | | 0.00 |

| | | Estimated Closing Costs | 5,422.55 |
|---|---|---|---|

| 900 | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE: | | | | |
|---|---|---|---|---|---|
| 901 | Interest for  6*  days @ $ 46.3069 per day | | $ | 277.84 | PFC |
| 902 | Mortgage Insurance Premium | | | | |
| 903 | Hazard Insurance Premium | | | | |
| 904 | *interest calc'd from date of closing to end of mo. | | | | |
| 905 | VA Funding Fee | | | | |
| | Homeowner's Assoc Dues (if req'd, 1yr) | | | | |
| 1000 | RESERVES DEPOSITED WITH LENDER: | | | | |
| 1001 | Hazard Insurance Premiums | 6 months @ $ | 130.00 per month | $ | 780.00 |
| 1002 | Mortgage Ins. Premium Reserves | months @ $ | per month | | |
| 1003 | School Tax | months @ $ | per month | | |
| 1004 | Taxes and Assessment Reserves | 7 months @ $ | 220.00 per month | | 1,540.00 |
| 1005 | Flood Insurance Reserves | months @ $ | per month | | |
| | | months @ $ | per month | | |
| | | months @ $ | per month | | |

| | Estimated Prepaid Items/Reserves | 2,597.84 |
|---|---|---|
| TOTAL ESTIMATED SETTLEMENT CHARGES | | 8,020.39 |

COMPENSATION TO BROKER   (Not Paid Out of Loan Proceeds)   :
**PAID BY LENDER - in accordance w/State & Fed regs,**       $ 0.00% to 3.0%
AmericaOne may receive 0-3% commission paid by lender

| TOTAL ESTIMATED FUNDS NEEDED TO CLOSE: | | | TOTAL ESTIMATED MONTHLY PAYMENT: | |
|---|---|---|---|---|
| Purchase Price/Payoff (+) | 232,000.00 | New First Mortgage(-) | Principal & Interest | 1,720.97 |
| Loan Amount (-) | 303,100.00 | Sub Financing(-) | Other Financing (P & I) | |
| Est. Closing Costs (+) | 5,422.55 | New 2nd Mtg Closing Costs(+) | Hazard Insurance | 130.00 |
| Est. Prepaid Items/Reserves (+) | 2,597.84 | | Real Estate Taxes | 220.00 |
| Amount Paid by Seller (-) | | | Mortgage Insurance | |
| Less: Appraisal | (325.00) | | Homeowner Assn. Dues | |
| Less: Application | (325.00) | | Other | |
| Rolled In: $ | | | | |
| Total Est. Funds to you | | 63,729.61 | Total Monthly Payment | 2,070.97 |

[✓] This Good Faith Estimate is being provided by  AmericaOne Mortgage Services, Inc , a mortgage broker, and no lender has been obtained. These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional Information can be found in the HUD Special Information Booklet, which is to be provided to you by your mortgage broker or lender. If your application is to purchase residential real property and the lender will take a first lien on the property. The undersigned acknowledges receipt of the booklet "Settlement Costs," and if applicable the Consumer Handbook on ARM Mortgages.

Applicant **Ralph L Sanders**      Date        Applicant        Date

Calyx Form gfe.frm 11/01

RE: Claim 908629

From: Gordon, David (david.gordon1@fnf.com)
To: ralph_l_sanders@yahoo.com
Cc: Hunter.Flynn@fnf.com; Hunter.Flynn@fnf.com
Date: Friday, October 21, 2022 at 10:49 AM EDT

---

This message was sent securely using Zix

---

Mr. Sanders:

I am following up on the below. You recently resubmitted the claim to the Company due to alleged documents that you found that show the lot should be 20,000 square feet, and instead it is 12,000 square feet. I have attempted to follow up twice below but I have still yet to receive a response.

Can you please provide more detail as to the nature of the title insurance claim you are submitting? What are the documents that show the lot should be 20,000 but instead show it is 12,000?

Thank you,

David Gordon
**Fidelity National Title Group**
Jacksonville Claims Center
601 Riverside Avenue
Jacksonville, FL 32204
Phone: 904.513.6015
David.Gordon1@fnf.com


**From:** Flynn, Hunter <Hunter.Flynn@fnf.com>
**Sent:** Wednesday, October 12, 2022 8:33 AM
**To:** ralph_l_sanders@yahoo.com
**Cc:** Gordon, David <David.Gordon1@fnf.com>
**Subject:** RE: Claim 908629


Good morning,

I am following up on the request bellow.

Thank you so much!

**Hunter Flynn**

**Legal Assistant**

**Direct: 9048548934**

**Email:** Hunter.Flynn@fnf.com



From: Priest, Gary (gpriest@sfwmd.gov)

To: ralph_l_sanders@yahoo.com

Date: Friday, September 30, 2022 at 06:32 PM EDT

Ralph,
We don't know but the City of Plantation can probably provide that.

Thanks
Gary

Get Outlook for iOS

**From:** ralph sanders <ralph_l_sanders@yahoo.com>
**Sent:** Friday, September 30, 2022 5:59:45 PM
**To:** Priest, Gary <gpriest@sfwmd.gov>
**Subject:** Re: Citizens Request :: C008013-081022

SOUTH FLORID·

[Please remember, this is an external email]

Any idea when Plantation started owning the Plantation Park canal or is that canalS started? Please say prior to 2004 i.e. That is the year my title insurance started.:}

Thank You.

## Lawyers Title Insurance Corporation
*OWNER'S POLICY*
### Schedule B

Policy No.:
a81-134096

Agent's File Reference:
04-204Sanders

This policy does not insure against loss or damage by reason of the following exceptions:

1. Taxes for the year of the effective date of this policy and taxes or special assessments which are not shown as existing liens by the public records.
2. Rights or claims of parties in possession not shown by the public records.
3. Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate survey and inspection of the premises.
4. Easements or claims of easements not shown by the public records.
5. Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.
6. Any adverse ownership claim by the State of Florida by right of sovereignty to any portion of the lands insured hereunder, including submerged, filled and artificially exposed lands, and lands accreted to such lands.
7. The lien of all taxes for the year 2004 and thereafter, which are not yet due and payable.
8. Matters as contained on the Plat of PLANTATION PARK 10TH ADDITION recorded in Plat Book 55, page 21, of the public records of Broward County, Florida.
9. Covenants, restrictions, conditions, reservations, easements, liens for assessments and other provisions set forth in instrument recorded in Official Records Book 2389, at Page 203, re-recorded in O.R. Book 2420, Page 816 and in allied instruments referred to in said restrictions, if any.

ITEMS 1-6 are hereby deleted.

*All Book and Page references are to the Public Records of Broward County, Florida.*

Form OPM-SCH. B
(rev. 5/94)

DoubleTime®

Document drafted and prepared by and
when recorded, return to:

Wells Fargo Home Mortgage
Michael Schmalen, x9999-018
PO Box 1629
Minneapolis, MN 55440-9790

(Space above this line for recorder use only)

## ASSIGNMENT OF MORTGAGE

For value received, **Wells Fargo Bank, N.A.**, herein "Assignor", whose address is 1 HOME CAMPUS, DES MOINES, IA 50328, the undersigned hereby grants, assigns, and transfers to:

**The Bank of New York Mellon, fka The Bank of New York as Successor in Interest to JP Morgan Chase Bank NA as Trustee for Bear Stearns Asset Backed Securities Trust 2006-SD2, Asset-Backed Certificates, Series 2006-SD2**
One Wall Street, New York, NY 10286

herein "Assignee" its successors and/or assigns, all its right, title, and all beneficial interest under that certain MORTGAGE, herein "Security Instrument" executed by Ralph L Sanders, An Unmarried Man, dated April 11, 2005, in the amount of $313,000.00 and given to Wells Fargo Bank, N.A. and recorded on April 20, 2005 as Document or Instrument Number 104922671 and/or in Book 39474, Page 1072, of Official Records in the County Recorder's office of Broward County, Florida, describing land therein as:

**Property Address:** 561 SW 60 Ave, Plantation, FL 33317
**Parcel ID #:** N/A
**Legal Description:** See Attached

Signed this _6/20/11_.

Witness: _____

Witness: _Nicholas Hoye_

Wells Fargo Bank, N.A.

_Carissa Keeler_
Vice President Loan Documentation

### FLORIDA ALL PURPOSE NOTARY ACKNOWLEDGEMENT

STATE OF MINNESOTA  }
                    }
COUNTY OF DAKOTA    }

On this _6/20/11_ before me, _ANN M GARDNER_, personally appeared _Carissa Keeler_, Vice President Loan Documentation, Wells Fargo Bank, N.A., ☐ personally known to me - OR - ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary: _ANN M GARDNER_
My Commission Expires: _1/31/2013_

ANN M GARDNER
Notary Public
Minnesota
My Commission Expires Jan. 31, 2013

## Legal Description

Lot 22, in Block 4, of PLANTATION PARK 10TH ADDITION, according to the Plat thereof, as recorded in Plat Book 55, at Page 21, of the Public Records of Broward County, Florida.

From: Gordon, David (david.gordon1@fnf.com)
To: ralph_l_sanders@yahoo.com
Cc: Hunter.Flynn@fnf.com; Hunter.Flynn@fnf.com
Date: Friday, October 21, 2022 at 10:49 AM EDT

This message was sent securely using Zix

Mr. Sanders:

I am following up on the below. You recently resubmitted the claim to the Company due to alleged documents that you found that show the lot should be 20,000 square feet, and instead it is 12,000 square feet. I have attempted to follow up twice below but I have still yet to receive a response.

Can you please provide more detail as to the nature of the title insurance claim you are submitting? What are the documents that show the lot should be 20,000 but instead show it is 12,000?

Thank you,

David Gordon
**Fidelity National Title Group**
Jacksonville Claims Center
601 Riverside Avenue
Jacksonville, FL 32204
Phone: 904.513.6015
David.Gordon1@fnf.com


**From:** Flynn, Hunter <Hunter.Flynn@fnf.com>
**Sent:** Wednesday, October 12, 2022 8:33 AM
**To:** ralph_l_sanders@yahoo.com
**Cc:** Gordon, David <David.Gordon1@fnf.com>
**Subject:** RE: Claim 908629

Good morning,

I am following up on the request bellow.

Thank you so much!

**Hunter Flynn**

**Legal Assistant**

**Direct: 9048548934**

**Email:** Hunter.Flynn@fnf.com



From: Priest, Gary (gpriest@sfwmd.gov)
To: ralph_l_sanders@yahoo.com
Date: Friday, September 30, 2022 at 06:32 PM EDT

Ralph,
We don't know but the City of Plantation can probably provide that.

Thanks
Gary

Get Outlook for iOS

**From:** ralph sanders <ralph_l_sanders@yahoo.com>
**Sent:** Friday, September 30, 2022 5:59:45 PM
**To:** Priest, Gary <gpriest@sfwmd.gov>
**Subject:** Re: Citizens Request :: C008013-081022

SOUTH FLORID·

[Please remember, this is an external email]

Any idea when Plantation started owning the Plantation Park canal or is that canalS started? Please say prior to 2004 i.e. That is the year my title insurance started.:}

Thank You.