CASE 22-14766

14766

Official Form 417A (12/18)

[Caption as in Form 416A, 416B, or 416D, as appropriate]

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): **RALPH LEVI SANDERS**

FILED-USBC, FLS-FTL
'22 DEC 27 PM 2:42
T.T.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☒ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: **ORDER GRANTING STAY RELIEF**

2. State the date on which the judgment, order, or decree was entered: **DECEMBER 13, 2022**

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: **RALPH L. SANDERS**  Attorney: **PRO-SE**
   **561 SW 66 AVE**
   **PLANTATION, FL. 33317**

2. Party: **WELLS FARGO**  Attorney: **GAVIN STEWART**
   **BANK NEW YORK**  **PO BOX 5703**
   **MELLON**  **CLEARWATER, 33758**
   **BAR # 5703**

Official Form 417A    Notice of Appeal and Statement of Election    page 1

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

[X] Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_[signature]_
Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: DECEMBER 27, 2022

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

561 N.W. 60 AVE
PLANTATION, FL-33317

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

I AM RALPH L SANDERS

STAY 22-bk-17466-SMG

I AM OPPOSING ORDER 85 FOR THE FOLLOWING

1. **Title Insurance: First & Primary Contract between the Homeowner and Lender: All contracts, including the note, refer to the back to Title Insurance**
    a. The State of Florida requires when there is a mortgage for the Homeowner and Lender to have Title Insurance
    b. Lender's Title Insurance contract was the first contract purchased for the Lender by the homeowner to use in the advent of title issues.
    c. Title issue is due to missing land
2. **Lender Breached an implied contract.**
3. **Prove the Loan Servicer was not properly qualified staff who understood Title Insurance.**
4. **The attorney (Peter Kelly) representing Wells Fargo/Bank New York Mellon on December 8, 2022, hearing was unaware that there was a title issue even though there have been 200+ emails regarding the topic sent to Specialized Loan services since early 2021.**
5. **The Mortgage note has a requirement in the miscellaneous proceeds are the first (mortgage note, paragraph 5, property not as described) to be used to pay off a mortgage note by parties.**
6. **Is the Lender damaging themselves and the Debtor by not enforcing their rights under the Lender's Title insurance? Yes**
7. **Is the Lender breaching an implied contract by not enforcing the Title insurance**

RK

8. There are three Title Insurance policies.
9. Did the Lender help make In Rem Relief situation by not taking timely action as required by our title insurance and its implied contract?

Sincerely

Ralph L. Sanders
561 SW 60th ave
Plantation, Fl. 33317
P (754)801-7097



**ORDERED in the Southern District of Florida on December 12, 2022.**

Scott M. Grossman, Judge
United States Bankruptcy Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

RALPH LEVI SANDERS, JR.

CASE NO. 22-14766-SMG
CHAPTER 13

Debtor.
_____/

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**THIS CASE** came on for hearing on December 8, 2022 at 9:00AM on the Motion for Relief from the Automatic Stay ("Motion") filed by Specialized Loan Servicing LLC, as servicing agent for The Bank of New York Mellon, f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities Trust 2006-SD2, Asset-Backed Certificates, Series 2006-SD2 ("Movant") (Doc. No. 64). For the reasons stated orally on the record, it is

1. The Motion (Doc. No. 64) is granted.

2.      The automatic stay arising by reason of 11 U.S.C. §362 of the Bankruptcy Code is terminated as to Movant's interest in the following property:

**LOT 22, IN BLOCK 4, OF PLANTATION PARK 10TH ADDITION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 55, AT PAGE 21, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.**

**AKA 561 SW 60 Ave., Plantation, FL 33317** ("collateral").

3.      Movant has *in rem* relief to take any and all steps necessary to exercise any and all rights it may have in the collateral, to gain possession of said collateral, to have such other and further *in rem* relief as is just, but the Movant shall not obtain *in personam* relief against the Debtor.

### 

**Submitted by:**
Gavin N. Stewart, Esquire
P.O. Box 5703
Clearwater, FL 33758
P: (727) 565-2653
F: (727) 213-9022
E: bk@stewartlegalgroup.com

Counsel for Movant is directed to serve a copy of this order to the parties listed below and file a Certificate of Service with the Court.

**Copies furnished to:**
**VIA REGULAR MAIL**
Ralph Levi Sanders, Jr.
561 SW 60 Ave.
Plantation, FL 33317

**VIA CM/ECF NOTICE**
Michael J. Brooks, Esq.
8660 West Flagler Street
Miami, FL 33144

Robin R. Weiner
Robin R. Weiner, Chapter 13 Trustee
Post Office Box 559007
Fort Lauderdale, FL 33355

U.S. Trustee
Office of the US Trustee

51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130