```
                          U.S. BANKRUPTCY COURT
                          SOUTHERN DISTRICT OF FLORIDA
                          WEST PALM BEACH, FL


                          CASE NO. 22-bk-14766

                          JUDGE SCOTT MAX GROSSMAN

In RE: Ralph L. Sanders,  )
                          )
          Debtor.         )
                          )
_____

                          United States Bankruptcy Court
                          Southern District of Florida
                          Flagler Waterview Building
                          1515 North Flagler Drive, #801
                          West Palm Beach, FL  33401

                          Wednesday, January 4, 2023
                          10:30 A.M.
```

WHEREUPON, the proceedings in the above-entitled cause came on for hearing via ZOOM before the Honorable **SCOTT MAX GROSSMAN**, Presiding Judge.

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

Acorn Transcripts, LLC  1-941-426-4465  www.acornfla.com

1   WHEREUPON:
2           The proceedings commenced as follows:
3           THE CLERK:  All rise.  The United States
4   Bankruptcy Court for the Southern District of
5   Florida is now in session.  The Honorable Scott
6   Grossman presiding.
7           THE COURT: Please be seated.
8           Okay.  On the 10:30 calendar at the case
9   of Ralph Levi Sanders, Jr., a motion to stay
10  pending appeal filed by the pro se debtor.
11          I'll take appearances.  Is Mr. Sanders
12  here?
13      (Pause)
14          THE COURT:  Mr. Sanders is not here.
15          Anybody else here?
16      (Pause)
17          THE COURT: Nobody else is here.
18          Okay.  So the court has before it a
19  motion to stay pending appeal filed by pro se
20  debtor, Ralph Levi Sanders, Jr. in which he
21  appealed the court's order granting creditor's
22  motion for relief from stay.
23          I reviewed the motion and I'm going to
24  deny it both on the merits and for failure to
25  prosecute.

1-3

1  　　　　　To obtain a stay pending appeal the
2  debtor must show 1) a substantial likelihood that
3  he will prevail on the merits of the appeal, 2)
4  substantial risk of irreparable injury if the stay
5  is not granted, 3) no substantial harm to other
6  interested persons, and 4) no harm to the public
7  interest.
8  　　　　　It's a familiar standard set forth in
9  many cases including *Touchston v. McDermott*, 234
10 F.3d 1130 at 1132 (11th Cir. 2000).
11 　　　　　The first  factor, substantial
12 likelihood of success on the merits is generally
13 the most important factor.  For that I cite *In re*
14 *F.G. Metals, Inc.*, 390 B.R. 467 at 472 (Bankr.
15 M.D. Fla 2008).
16 　　　　　In this case I confirmed Mr. Sanders
17 Chapter 13 plan as he requested that I do.  The
18 plan itself provided for stay relief to the
19 secured creditor as did paragraph 4 of the order
20 confirming the plan.
21 　　　　　Paragraph 4 of the order confirming the
22 plan states:  If the plan does not provide for
23 payments to a secured creditor, the plan provides
24 for the surrender of the property secured by the
25 secured creditor's claim or the plan provides for

1  direct payment of the secured creditor's claim
2  outside of the plan.  Such creditor is granted in
3  rem stay relief as to the debtor and in rem stay
4  relief from the co-debtor's stay to pursue
5  available state court remedies against any
6  property of the debtor that secures the creditor's
7  claim.
8         Likewise as I noted, this plan did not
9  provide treatment for secured claims.  Section 3A
10 of his plan checked the box non under treatment of
11 secured claims and in the provision on direct
12 payments he listed the secured creditor Bank of
13 New York Melon as an entity to which he would make
14 direct payments outside the plan.
15        In the order granting stay relief at
16 Mr. Sanders' appeal, I granted stay relief to the
17 Bank of New York Melon to proceed in state court
18 and as I noted the debtor's own plan, which he
19 wanted me to confirm, and which I did, provided
20 for a stay relief to the creditor as did the
21 confirmation order.
22        Accordingly, there is 1) no substantial
23 likelihood that Mr. Sanders will prevail on the
24 merits of his appeal, 2) there is no substantial
25 risk of irreparable injury if the stay is not

1  granted, 3) there would be substantial harm to
2  other interested persons and, 4) there would be
3  harm to the public interest.
4        For all those reasons, I'm denying
5  Mr. Sanders motion for a stay pending appeal both
6  on the merits and for failure to appear and
7  prosecute.
8        Court will do the order.  Court will be
9  in recess until 11 a.m.
10       (WHEREUPON, this hearing was concluded.)

1-6

C E R T I F I C A T I O N

I, Nancy B. Gardelli of Acorn Transcripts, LLC., a court-approved transcription service, hereby certify that the foregoing is a correct transcript, to the best of my ability from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/ Nancy B. Gardelli    DATE:  January 31, 2023

Nancy B. Gardelli

Acorn Transcripts, LLC

3572 Acorn Street

North Port, FL  34286

My commission expires: 6/28/2023